1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY FRANKLIN,                                  No. C 13-03777 YGR (PR)

        Plaintiff,

  v.                                                         **ORDER SCREENING COMPLAINT
                                                              PURSUANT TO 28 U.S.C. § 1915A; AND
                                                              SETTING BRIEFING SCHEDULE**

G. D. LEWIS, et al.,

        Defendants.

_____/

      Plaintiff, a state prisoner currently incarcerated at the California Correctional Institution,

filed this action as a civil action in the Del Norte County Superior Court, Case No. CVUJ13-1181,

alleging constitutional violations that occurred during his previous incarceration at Pelican Bay State

Prison ("PBSP") from 2011 through 2012.  He seeks monetary damages.

      Defendants, who are represented by the State Attorney General's Office,[1] removed the action

to this Court pursuant to 28 U.S.C. § 1441(b).  The Court has previously grant their request to screen

the complaint under 28 U.S.C. § 1915A.  Therefore, the Court now conducts its initial review of the

complaint, and directs the parties to abide by the briefing schedule outlined below.

**DISCUSSION**

**I.**     **Standard of Review**

      A federal court must engage in a preliminary screening of any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

§ 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are

frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief

from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A(b)(1),(2).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

(1988).

---

     [1] Deputy Attorney General Erin Sullivan represents and has acknowledged service on behalf
of Defendants Cate, Lozano, Lewis, Cook, Smith and Wood.  Plaintiff has also named Doe Defendants,
who have not yet been named or served in this action.

**United States District Court**
For the Northern District of California

## II.    Federal Legal Claims

In his complaint, Plaintiff alleges multiple incidents involving various PBSP prison officials, who are named as Defendants in this action.  Specifically, the Court finds that Plaintiff has alleged the following cognizable claims against the following named Defendants:

(1)    a violation of the First Amendment based on Plaintiff's allegations that Defendants, on various occasions:

(a)    improperly failed to deliver his "privileged" incoming and outgoing mail "on or about the 30th day of September 2011 and on or about the 5th day of October 2011 up to and including the 26th day of July 2012"; and

(b)    participated in "a series of events that led to their witholding [sic], seizing, [and] storing [his] privileged correspondences of September 30, 2011 and October 5, 2011";

(2)     similar violations of the First Amendment against those Defendants who reviewed Plaintiff's prison grievances and/or 602 inmate appeals and did not remedy the aforementioned First Amendment violations; and

(3)    a retaliation claim against Defendants for retaliating against Plaintiff for filing prison grievances relating to the aforementioned First Amendment violations.

Dkt. 1 at 13-30.[2]

## III.    State Law Claims

Plaintiff alleges that Defendants' aforementioned actions also violated provisions of California state law.  The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  28 U.S.C. § 1367(a).

Liberally construed, Plaintiff's allegations satisfy the statutory requirement.  Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.    Claims Against Doe Defendants

Plaintiff identifies "Doe[s] 1-5," whose names he intends to learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

**United States District Court**
For the Northern District of California

1  them.  *Id.*  Failure to afford the plaintiff such an opportunity is error.  *See Wakefield v. Thompson*,

2  177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against these Doe Defendants are

3  DISMISSED from this action without prejudice.  Should Plaintiff learn these Doe Defendants'

4  identities through discovery, he may move to file an amended complaint to add them as named

5  defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

6                                          **CONCLUSION**

7        For the foregoing reasons, the Court orders as follows:

8        1.      The aforementioned federal legal claims are COGNIZABLE against the named

9  Defendants.

10        2.      The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

11        3.      Plaintiff's claims against the Doe Defendants identified as "Doe[s] 1-5" are

12  DISMISSED from this action without prejudice.

13        4.      In order to expedite the resolution of this case, the Court orders as follows:

14              a.      No later than **sixty (60) days** from the date of this Order, Defendants shall file

15  a motion for summary judgment or other dispositive motion.  The motion must be supported by

16  adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56,

17  and must include as exhibits all records and incident reports stemming from the events at issue.  A

18  motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will

19  have fair, timely and adequate notice of what is required of him in order to oppose the motion.

20  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be

21  served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust

22  available administrative remedies must be accompanied by a similar notice.  However, the Court

23  notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the

24  face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the

25  previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d

26  1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003),

27  which held that failure to exhaust available administrative remedies under the Prison Litigation

28

_____

[3]  *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**United States District Court**
For the Northern District of California

Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.     All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

1    address. *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

2    directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

3    (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

4    *se* party indicating a current address.  *See* L.R. 3-11(b).

5        8.       Extensions of time are not favored, though reasonable extensions will be granted.

6    Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

7    deadline sought to be extended.

8        IT IS SO ORDERED.

9    DATED:     August 28, 2014

                                                   **YVONNE GONZALEZ ROGERS**

10                                            **UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
For the Northern District of California