UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY ANTHONY FRANKLIN,

    Plaintiff,

  v.

G. D. LEWIS, et al.,

    Defendants.

Case No. 13-cv-03777-YGR (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND SETTING BRIEFING SCHEDULE**

On June 4, 2013, Plaintiff, a state prisoner, filed this action as a civil action in the Del Norte County Superior Court, Case No. CVUJ13-1181, alleging constitutional violations that occurred during his previous incarceration at Pelican Bay State Prison ("PBSP") from 2011 through 2012. He sought monetary damages stemming from the alleged constitutional violations, including claims for mental or emotional injuries.

Thereafter, Defendants, who are represented by the State Attorney General's Office, removed the action to this Court pursuant to 28 U.S.C. § 1441(b).

In an Order dated August 28, 2014, the Court issued a scheduling order upon finding that Plaintiff had alleged the following cognizable claims against the named Defendants:

    (1)    a violation of the First Amendment based on Plaintiff's allegations that Defendants, on various occasions:

        (a)    improperly failed to deliver his "privileged" incoming and outgoing mail "on or about the 30th day of September 2011 and on or about the 5th day of October 2011 up to and including the 26th day of July 2012"; and

        (b)    participated in "a series of events that led to their witholding [sic], seizing, [and] storing [his] privileged correspondences of September 30, 2011 and October 5, 2011";

    (2)    similar violations of the First Amendment against those Defendants who reviewed Plaintiff's prison grievances and/or 602 inmate appeals and did not remedy the aforementioned First Amendment violations; and

    (3)    a retaliation claim against Defendants for retaliating against Plaintiff for filing prison grievances relating to the aforementioned First Amendment violations.

Dkt. 13 at 2 (citing Dkt. 1 at 13-30[1]).

Pursuant to the briefing schedule, Defendants now move to dismiss the complaint on the following grounds: (1) that they are immune from suit in federal court under the Eleventh Amendment as to Plaintiff's official-capacity damages claims; (2) that Plaintiff's claims for mental or emotional injuries are barred under 42 U.S.C. § 1997e(e) because he does not allege that he suffered a physical injury; and (3) Plaintiff's state law claims should be dismissed or, in the alternative, should be limited because Plaintiff failed to comply with the claim presentation requirements under the California Government Tort Claims Act ("CTCA").  Dkt. 14.[2]

Plaintiff filed an opposition to Defendants' motion to dismiss, and Defendants filed a reply to the opposition.  Dkts. 16, 18.

For the reasons outlined below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss, and directs the parties to abide by the briefing schedule outlined below.

## DISCUSSION

### I. OFFICIAL-CAPACITY DAMAGES CLAIMS

First, Defendants argue that they are entitled to Eleventh Amendment immunity from damages against them in their official capacities.  Dkt. 14 at 6.  In his opposition, Plaintiff asserts that Defendants have waived their Eleventh Amendment immunity because they removed this action to federal court.  Dkt. 16 at 3-5.  This Court agrees.

Because Plaintiff is seeking only monetary damages from Defendants, normally, he would be barred from proceeding against Defendants in their official capacity because such a suit is, in essence, a claim for monetary damages against the State.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *see also Hafer v. Melo*, 502 U.S. 21, 24-25 (1991) (holding that a defendant acting in his official capacity receives the same immunity

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] Defendant P. J. Smith has filed a motion to join the other Defendants' pending motion to dismiss.  Dkt. 19.  The Court GRANTS Defendant Smith's motion, and the joinder is accepted.

as the government agency to which he belongs).  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a State or state agency unless the State or the agency consents to such suit.  *See Quern v. Jordan*, 440 U.S. 332 (1979); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  However, because Defendants removed this case to federal court, they waived their Eleventh Amendment immunity as to the entire case, including both state and federal claims and any claims that were added after the case was removed.  *See Embury v. King*, 361 F.3d 562, 565-66 (9th Cir. 2004) (discussing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002)).  Accordingly, Defendants' motion to dismiss is DENIED as to their argument that they are immune from suit in their official capacity in federal court.  Plaintiff's claims against Defendants in their official capacities are therefore properly before this Court.

## II.  CLAIMS FOR MENTAL OR EMOTIONAL INJURIES

Defendants next argue that Plaintiff's claims for mental or emotional injuries should fail under 42 U.S.C. § 1997e(e) because he did not suffer any physical harm.  Dkt. 14 at 6-7.  Plaintiff argues that this "prohibition on damages for mental/emotional injury without physical injury, does not apply to [F]irst [A]mendment claims in the Ninth [C]ircuit."  Dkt. 16 at 6-7 (citing *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)).  Again, the Court agrees with Plaintiff.

The statute Defendants cite in support of their argument above has been construed by the Ninth Circuit to have a rather limited application.  Specifically, 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The physical injury requirement only applies to claims for mental or emotional injuries and does not bar an action for a violation of a constitutional right.  In *Oliver v. Keller*, the Ninth Circuit held that section 1997e(e) does not bar claims for nominal, compensatory or punitive damages based on the violation of a constitutional right.  89 F.3d 623, 630 (9th Cir. 2002).  Under *Oliver*, damages would be available for a violation of Plaintiff's First Amendment claims *without* regard to his ability to show that he was physically injured.  *See id.* ("To the extent that appellant's claims for compensatory, nominal or punitive damages are premised on alleged

3

1  Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of

2  those violations, [section] 1997e(e) is inapplicable and those claims are not barred"). Meanwhile,

3  in *Canell v. Lightner*, the case relied on by Plaintiff, the inmate sued jail officials for violations of

4  his First Amendment religious freedom rights. The Ninth Circuit rejected a defense contention

5  that section 1997e(e) barred the action because the prisoner alleged only mental or emotional

6  injury without physical injury, stating:

> [The plaintiff] is not asserting a claim for "mental or emotional injury." He is asserting a claim for a violation of his First Amendment rights. The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, [section] 1997e(e) does not apply to First Amendment [c]laims regardless of the form of relief sought.

*Canell*, 143 F.3d at 1213.

Here, it is undisputed that Plaintiff suffered no physical injury as a result of Defendants' alleged actions. However, as explained above, in the context of First Amendment claims, Plaintiff may recover damages *without* alleging a physical injury. *See id.* Because Plaintiff's complaint raises First Amendment claims, he need not allege a physical injury as a precondition to recovering damages. *Id.* Accordingly, the Court DENIES Defendants' motion to dismiss as to their argument that Plaintiff's damages claims based on mental or emotional injuries must be dismissed under section 1997e(e).

### III.  STATE LAW CLAIMS

When adjudicating a supplemental state law claim, the federal courts must apply state substantive law. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. *See* Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim and action on, or rejection of, the claim are conditions precedent to a suit. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

The CTCA provides the requirements for the filing of a tort claim against employees and

agencies of the State of California. Cal. Gov't Code §§ 900-998.3. Where recovery of damages from a public employee is sought, the CTCA requires the presentation, in accordance with its provisions, of all claims for money or damages against the public entity. *Id.* § 911.2. A claim relating to a cause of action for injury to a person shall be presented within six months of the date of the incident. *Id.* When a claim—that is required by section 911.2 to be presented no later than six months after the accrual of the cause of action—is not presented within that time, a written application may be made to the public entity for leave to present a late claim. *Id.* § 911.4. The Board shall grant or deny the application within forty-five days after it is presented to the board. *Id.* § 911.6. If an application for leave to present a claim is denied or deemed to be denied pursuant to section 911.6, a petition may be made to the state court for an order relieving the petitioner from the filing deadline requirements of section 945.4. *Id.* § 946.6.

Here, as their third ground for dismissal, Defendants contend that Plaintiff's supplemental state law claims should be dismissed because Plaintiff failed to file a timely claim in compliance with the CTCA. In support of their argument, Defendants have filed documentary support showing that on October 24, 2014 their attorney made a request with the Board to conduct a search of "any and all claim(s) and/or late claim application(s)" filed by Plaintiff from "September 2011 through July 2012." Dkt. 15 at 5. Seemingly in response, on October 24, 2014, the Board certified that Plaintiff had filed one claim, claim number G607201. *Id.* at 4. Plaintiff's claim—relating to a July 26, 2012 incident during which his unspecified personal property was seized—was submitted to the Board on August 24, 2012 and marked as "RECEIVED" on October 3, 2012. *Id.* at 8, 10. Included in Defendants' supporting exhibits are copies of documents constituting the record of Plaintiff's claim number G607201. *Id.* Defendants have also attached a letter dated December 7, 2012 from the Board, regarding claim number G607201, which states that the Board "rejected [his] claim at its hearing on November 29, 2012." *Id.* at 6. Also included is the written statement by the Board's custodian of records certifying that the attached documents are true and correct copies of the original records of Plaintiff's claim number G607201. *Id.* at 4. In the alternative, Defendants request that the Court limit Plaintiff's state law claims to those that were properly presented to the Board in claim number G607201. *Id.* at 9.

Meanwhile, Plaintiff makes a conclusory allegation that his "state law claims should be permitted to proceed forth because he satisfied the requirements of the [CTCA]."[3] Dkt. 16 at 7. He claims that the aforementioned documents submitted by Defendants "fail[] to adequately demonstrate that [his] complaint mentioning that the defendants['] acts of improperly withholding his 'privileged' legal mail(s) is the exact same personal property that he alleged in his California Government Claim complaint." *Id.*

The record does not fully support Plaintiff's argument, however. Nowhere in claim number G607201 does Plaintiff refer to any other incidents except for those on a single date—July 26, 2012. Dkt. 15 at 8. In contrast, as mentioned above, Plaintiff's complaint in this action alleged constitutional violations that took place over a longer time period—from 2011 through 2012. In claim number G607201, when asked if "the incident was more than six months ago," Plaintiff answered "No." *Id.* Therefore, the record shows that his claim number G607201 could not have included *all his claims* from 2011 through 2012.[4] For example, claim number G607201 does *not* mention any retaliation claims, nor does it mention any constitutional violations stemming from mishandling of inmate grievances. While it is unclear whether claim number G607201 related to claims of Defendants' failure to deliver "privileged" mail, the record shows that Plaintiff generally complained of "intentional/negligent deprivation of personal property" and the "seizure" of his personal property on July 26, 2012. *Id.* at 10. In his complaint, Plaintiff had indicated that the mishandling of his "privileged mail" began in 2011 and lasted "up to and including the 26th day of July 2012." Dkt. 1 at 13-16. Therefore, liberally construing Plaintiff's allegations, he seems to have complied with the CTCA as to the state law claims stemming from the alleged July 26, 2012 constitutional violations, which were generally presented to the Board in claim number G607201. However, the Court finds that Plaintiff failed to comply with the CTCA

---

[3] Plaintiff also claims that he filed a 602 inmate grievance in order to exhaust the claims in his complaint. Dkt. 16 at 7-8. However, Plaintiff's obligations to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) by properly submitting a 602 appeal before filing a lawsuit is a requirement separate and apart from his obligation to comply with the CTCA and present his state law claims to the Board. *See Mangold*, 67 F.3d at 1477 (the CTCA *requires* "the timely presentation of a written claim and the rejection of the claim in whole or in part").

[4] The Court further notes that nothing in the record indicates whether Plaintiff made any attempts to file applications to present late claims to the Board.

1   as to the remaining state law claims because there is no record of them being presented to the
2   Board prior to filing this action.
3       Accordingly, the Court GRANTS Defendants' request to limit Plaintiff's state law claims
4   to those that were properly presented to the Board in claim number G607201.  In essence, aside
5   from the state law claims stemming from the alleged July 26, 2012 constitutional violations, the
6   Court GRANTS Defendants' motion to dismiss as to their argument that Plaintiff failed to comply
7   with the CTCA as to the *remaining* state law claims.  The dismissal is without prejudice to
8   Plaintiff filing a motion to reconsider the dismissal of those remaining state law claims if he can in
9   good faith properly allege compliance with the CTCA.

## CONCLUSION

11  For the foregoing reasons, the Court orders as follows:
12  1.   Defendant Smith's motion to join the other Defendants' pending motion to dismiss
13  is GRANTED, and the joinder is accepted.  Dkt. 19.
14  2.   Defendants' motion to dismiss is GRANTED in part and DENIED in part, as
15  explained above.  Dkt. 14.
16  3.   To expedite the resolution of this case, the parties shall abide by the following
17  briefing schedule:
18      a.   No later than **twenty-eight (28) days** from the date of this Order,
19  Defendants may file a motion for summary judgment if they believe the remaining claims can be
20  resolved by summary judgment.  If Defendants are of the opinion that these claims cannot be
21  resolved by summary judgment, they shall so inform the Court as soon as possible, but no later
22  than the date the motion for summary judgment is due.  All papers filed with the Court shall be
23  promptly served on Plaintiff.
24      b.   Plaintiff's opposition to the motion for summary judgment shall be filed
25  with the Court and served on Defendants no later than **twenty-eight (28) days** after the date the
26  motion is filed.  Plaintiff shall refer to the Court's August 28, 2014 Order of Service for a further
27  explanation on summary judgment.  Dkt. 13 at 4-5.
28      c.   Defendants shall file a reply brief no later than **fourteen (14) days** after the

7

date Plaintiff's opposition is filed.

    d. The motion for summary judgment shall be deemed submitted as of the date the reply brief is due.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

5. If Defendants do not file a motion for summary judgment by the twenty-eight-day deadline or if they file a notice that the matter cannot be resolved by summary judgment, then this case will proceed to trial.

6. This Order terminates Docket Nos. 14 and 19.

IT IS SO ORDERED.

Dated: June 3, 2015

               _____
               YVONNE GONZALEZ ROGERS
               United States District Judge