United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY ANTHONY FRANKLIN,

Plaintiff,

v.

G. D. LEWIS, et al.,

Defendants.

Case No. 13-cv-03777-YGR (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND SETTING BRIEFING SCHEDULE**

## I. INTRODUCTION

On June 4, 2013, Plaintiff Jeffrey Anthony Franklin, a state prisoner currently incarcerated at Folsom State Prison, filed this *pro se* civil action in the Del Norte County Superior Court, Case No. CVUJ13-1181, alleging constitutional and state law violations stemming from his previous incarceration at Pelican Bay State Prison ("PBSP") from 2011 through 2012. He seeks monetary damages stemming from the alleged constitutional violations.

Defendants Matthew Cate, M. A. Cook, G. D. Lewis, J. D. Lozano, P. J. Smith, T. A. Wood ("Defendants") removed the action to federal court on the ground that some of his claims arise under 42 U.S.C. § 1983.

In an Order dated August 28, 2014, the Court issued a scheduling order upon finding that Plaintiff had alleged the following cognizable claims against the named Defendants and certain unnamed "PBSP officials" or Doe Defendants:

> (1) a violation of the First Amendment based on Plaintiff's allegations that Defendants, on various occasions:
>
> (a) improperly failed to deliver his "privileged" incoming and outgoing mail "on or about the 30th day of September 2011 and on or about the 5th day of October 2011 up to and including the 26th day of July 2012"; and
>
> (b) participated in "a series of events that led to their witholding [sic], seizing, [and] storing [his] privileged correspondences of September 30, 2011 and October 5, 2011";
>
> (2) similar violations of the First Amendment against those Defendants who reviewed Plaintiff's prison grievances and/or 602 inmate appeals and did not remedy the aforementioned First

Amendment violations; and

(3) a retaliation claim against Defendants for retaliating against Plaintiff for filing prison grievances relating to the aforementioned First Amendment violations.

Dkt. 13 at 2 (citing Dkt. 1 at 13-30[1]). In addition, the Court determined that it would exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). *Id.* at 2.

Before the Court is Defendants' motion for summary judgment based on the ground that Plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), as to his federal claims. Dkt. 27. Plaintiff opposed the motion and filed and a related request for judicial notice.[2] Dkts. 38-41. Defendants filed their reply. Dkt 43. Having read and considered the papers submitted herewith, the Court GRANTS in part and DENIES in part the motion for summary judgment as to the federal claims and continues to retain supplemental jurisdiction over Plaintiff's state law claims.

## II. BACKGROUND

The central issue presented in Defendants' summary judgment motion is whether Plaintiff properly exhausted his administrative remedies. Before turning to the facts of this case, the Court briefly reviews the requirements of the PLRA and administrative review process applicable to California prisoners.

### A. Legal Framework

The PLRA requires a prisoner to exhaust "available administrative remedies" before bringing an action with respect to prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." *Booth v. Churner*, 532 U.S. 731, 739-

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] Plaintiff's request for judicial notice is GRANTED. Dkt. 41.

40 (2001). The PLRA requires *proper* exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. *Id.*

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e).

On January 28, 2011, certain revisions to the California prison regulations governing inmate grievances became operative. *See* History, Note 11, Cal. Code Regs. tit. 15, § 3084.2. In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee (i.e., "Director's level"). Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7. Under specific circumstances, the first level review may be bypassed. *Id.* The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. *Id.* § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002). In accordance with the revised regulations, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." *Id.* § 3084.2(a)(4).

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply

with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016); *see e.g.*, *id.* at 659 (although inmate failed to identify specific doctors, his grievance plainly put prison on notice that he was complaining about denial of pain medication by defendant doctors; therefore, prison officials easily identified role and involvement of unidentified doctors on Pain Management Committee in the decision-making process).

**B. Factual Summary**

In his verified complaint, Plaintiff alleges that certain unnamed PBSP officials failed to deliver "three (3) separate pieces of privileged correspondences" on September 30, 2011 and October 5, 2011. Dkt. 1 at 14. Specifically, Plaintiff described these correspondences as follows: "two (2) [were] incoming, one each from Attorney V. Wefald, and the other one from Attorney M. McMahon, the third piece was outgoing to an elected public official—J. Clark, Los Angeles County Clerk." *Id.* As to the aforementioned incoming mail, Plaintiff claims that unnamed prison officials "did not issue said privileged correspondences to [him] as they [were] expected and legally required to do." *Id.* Meanwhile, as to the outgoing mail, Plaintiff claims that the aforementioned letter was not delivered, and that unnamed prison officials failed to give him notice that such correspondence was undeliverable. *Id.* at 14-15. Nor did these unnamed prison officials return such correspondence to him. *Id.* at 15.

On December 16, 2011, Plaintiff submitted a 602 inmate appeal, log no. PBSP-11-02886 ("PBSP-11-02886"), alleging that the aforementioned three pieces of legal mail was mishandled by "PBSP officials" and that such action was only brought to his attention on November 22, 2011. Voong Decl., Ex. C at AGO_00020-AGO_00023. Plaintiff requested that the three pieces of legal mail be issued to him, that he receive monetary compensation, that PBSP officials stop mistreating/mishandling incoming and outgoing legal mail, and that PBSP staff adhere to departmental rules and regulations concerning the processing of legal mail. *See id.* at AGO_00020, AGO_00022. PBSP-11-02886 was pursued through the first, second and third level of appeals. *See id.* at AGO_00028-AGO_00033, AGO_00018-AGO_00019. On July 26, 2012, at the third level review, PBSP-11-02886 was denied, indicating as follows:

> Following through analysis of the submitted documentation, the appeals examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at PBSP. An appeal inquiry was conducted by appropriate supervising staff and the appeal was reviewed by the institution's warden. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.
>
> The appellant has failed to provide any evidence that staff did not process his incoming legal mail. The appeal has also failed to prove any evidence that his access to the courts has been obstructed, or that he has suffered any material adverse affect [sic]. The appellant has clearly been successful in sending and receiving legal correspondence at PBSP. Staff at PBSP are not withholding the appellant's legal mail for any reason.
>
> Although the appellant has the right to submit an appeal, his request for monetary compensation is beyond the scope of the departmental appeals process. The appellant has failed to provide any new or compelling information that would warrant a modification to the decision reached by the institution. Relief at the Third Level of Review is not warranted.

*Id.* at AGO_00018 (brackets added). As mentioned above, Plaintiff claims that the alleged mishandling and withholding of legal mail began on September 30, 2011 (the first date on which his legal mail was not delivered) and lasted until July 26, 2012 (the date Defendants denied PBSP-11-02886—his grievance relating to the mishandling of his legal mail—at the final level of review). *See* Dkt. 1 at 13-30.

Plaintiff alleges that the named Defendants are liable because they were directly involved "or had something to do with" processing PBSP-11-02886, and that Defendants retaliated against him based on filing grievances and "complaining about his condition of confinement within the [PBSP]-Security Housing Unit ["SHU"]," including the aforementioned First Amendment violations. Dkt. 1 at 17-18, 26-27. Defendants Smith and Wood, who held positions as PBSP Associate Warden and PBSP Facility Captain, respectively, processed PBSP-11-02886 at the first level of review. Voong Decl., Ex. C at AGO_00028-AGO_00030. Defendant Cook, who held the position of PBSP Chief Deputy Warden, reviewed PBSP-11-02886 at the second level of review. *Id.* at AGO_00025. Defendant Lewis, who was the former PBSP Warden, processed PBSP-11-02886 at the second level of review. *Id.* at AGO_00031-AGO_00033. Finally, Defendant Lozano, who was the former Chief of the Office of Appeals, reviewed and processed PBSP-11-

02886 at the third level of review, along with Appeals Examiner K. J. Allen, who is not named as a Defendant in the instant action. *Id.* at AGO_00018-AGO_00019.

In its Order of Service, the Court had read liberally the allegations in Plaintiff's complaint as stating a claim against certain Doe Defendants for a violation of the First Amendment based on Plaintiff's allegations that certain "PBSP officials" mishandled his legal mail in 2011.[3] Dkt. 13 at 2. The Court also found that Plaintiff had stated cognizable claims against those named Defendants that reviewed PBSP-11-02886 (pertaining to the mishandled legal mail) and failed to provide a sufficient remedy. *See id.* Plaintiff has indicated that those involved are Defendants Cate, Lewis, Cook, Smith, Wood, and Lozano. *See id.* Finally, the Court found that Plaintiff had stated a cognizable claim that these Defendants retaliated against him for filing grievances. *See id.*

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The failure to exhaust administrative remedies is an affirmative defense that must be raised

[3] The Court dismissed these Doe Defendants, identified as "Doe[s] 1-5," because the use of Doe Defendants is not favored in the Ninth Circuit. Dkt. 13 at 2-3 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The dismissal was without prejudice, however. *See id.* at 3. Plaintiff was instructed that should he learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See id.* (citing *Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003)). To date, Plaintiff has not done so.

United States District Court
Northern District of California

in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). The defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with defendants, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

A district court may only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). In support of the motion for summary judgment, Defendants have presented a declaration from Chief of the Office of Appeals M. Voong and attached supporting exhibits. Dkt. 29.

As noted, Plaintiff has filed an opposition to Defendants' motion for summary judgment; however, the opposition is not verified and will not be considered because it was not signed under "penalty of perjury." Dkt. 38 at 14. However, because the original complaint as well as Plaintiff's declaration in support of his opposition are verified, dkts. 1 at 32, 39 at 5, the Court will construe them as opposing affidavits under Federal Rule of Civil Procedure 56, insofar as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

## IV. DISCUSSION

As mentioned above, Plaintiff claims that Defendants: (1) mishandled his legal mail in 2011; (2) reviewed PBSP-11-02886 (his grievance relating to the mishandled mail) and failed to provide sufficient remedy; and (3) retaliated against him for filing grievances. Dkt. 1 at 13-31.

Defendants argue that Plaintiff failed to exhaust all administrative remedies as to all his claims. Dkt. 27 at 2.[4] Specifically, Defendants claim that while Plaintiff submitted a relevant grievance complaining that his legal mail was mishandled in 2011—PBSP-11-02886—he failed to

[4] Page number citations refer to those assigned by Respondent.

United States District Court
Northern District of California

identify Defendants Cate, Lewis, Lozano, Wood, Cook, or Smith in this appeal by name or position. *Id.* Additionally, Defendants note that Plaintiff "acknowledges in his verified Complaint that Defendant Cate, who is named in his former capacity as the Secretary of the [CDCR], was at all times relevant to this action in Sacramento, California, and not at the prison were the alleged wrongful conduct occurred."[5] *Id.* Defendants point out that it was only Defendants Lewis, Lozano, Wood, Cook, and Smith who processed PBSP-11-02886. *Id.* Defendants argue that, prior to initiating this action, Plaintiff never properly exhausted any alleged wrongful conduct by Defendants with respect to the alleged mishandling of legal mail or processing of PBSP-11-02886, and to any retaliation claim. *Id.*

**A. Claim Relating to Mishandling of Legal Mail**

Plaintiff raised his claim relating to the mishandling of his legal mail in PBSP-11-02886, which he pursued through to the third and final level of review where it was denied. *See* Voong Decl., Ex. C. Among his requested relief in PBSP-11-02886, Plaintiff requested that he receive monetary compensation, which is the same relief requested in the instant federal action. *Compare id. with* Dkt. 1 at 29. Based upon these allegations, it could be said that PBSP-11-02886, liberally construed, includes the same subject and request for relief with respect to the claim relating to the mishandling of Plaintiff's legal mail in the instant action. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (holding that grievance suffices if it alerts prison to nature of wrong for which redress is sought).

Defendants argue that Plaintiff failed to exhaust properly his administrative remedies as to this claim because he failed to identify adequately any of the named Defendants in PBSP-11-02886, as required by section 3084.2(a)(3)-(4) of Title 15 of the California Code of Regulations. Dkt. 39 at 11-12. However, Plaintiff argues that pursuant to the Ninth Circuit's recent decision in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), this procedural defect was waived when Defendants,

[5] The Court notes that, as to Plaintiff's claim against Defendant Cate, Defendants have not made a separate argument that summary judgment is warranted on the ground that Plaintiff has not produced any evidence showing that this Defendant had a personal involvement in any alleged deprivation of his constitutional rights, or that there is a causal connection between this Defendant and a constitutional violation. Therefore, the Court need not address this issue at this time.

United States District Court
Northern District of California

who handled the grievance at different levels of appeal, addressed PBSP-11-02886 on the merits.[6] Dkt. 38 at 12-13.

In *Reyes*, the Ninth Circuit recently joined other circuits in holding that a prisoner exhausts available administrative remedies under the PLRA "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658. Thus, the Ninth Circuit determined in *Reyes* that a California prisoner whose health care appeal concerning inadequate pain management failed to identify two prison doctors, as required by CDCR's appeal process, nevertheless exhausted his claim of deliberate indifference to serious medical needs against the two prison doctor defendants because the appeal was decided on its merits at all levels of review. *See id.* at 656-57. But this does not mean that a claim decided on the merits must be deemed exhausted as to all possible defendants because there must be a sufficient connection between the claim in the appeal and the unidentified defendants to provide prison officials with "notice of the alleged deprivation" and an "opportunity to resolve it." *Id.* at 659. In *Reyes*, the two unidentified prison doctors had a sufficient connection with the plaintiff's claim in the appeal concerning inadequate pain management because prison officials plainly knew that the two unidentified prison doctors served on the pain management committee that had determined that the plaintiff should not receive narcotic pain medication. *See id.*

Here, in the instant action, Defendants argue that Plaintiff's reliance on *Reyes* is "misplaced." Dkt. 43 at 4. According to Defendants, Plaintiff's claim against the named Defendants was "based on their processing of his appeal PBSP-11-02886" and "could not have been 'fully vetted' within the same grievance appeal, as the issued had not happened until after the appeal was initiated and was not addressed during the appeal process." *Id.* at 4-5.

As to the applicability of *Reyes*, the Court agrees with Plaintiff and finds Defendants'

[6] The Court finds no merit to Plaintiff's other argument that the amendments of section 3084.2 of Title 15 of the California Code of Regulations were not yet in effect during the relevant time frame because Note 11 of the regulatory history confirms that the aforementioned amendments became operative on January 28, 2011—almost a year *before* Plaintiff submitted PBSP-11-02886 on December 16, 2011. *See* History, Note 11, Cal. Code Regs. tit. 15, § 3084.2.

argument unavailing. It is undisputed that Plaintiff did not name Defendants in PBSP-11-02886. *See* Voong Decl., Ex. C. First, to the extent Defendants argue that Plaintiff failed to comply with a procedural requirement by not naming Defendants in PBSP-11-02886, this deficiency is not necessarily fatal to Plaintiff's claim pursuant to *Reyes*. *See* 810 F.3d at 658. In *Reyes*, the Ninth Circuit recounted the purposes of the PLRA exhaustion requirement:

> The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. Requiring exhaustion provides prison officials a fair opportunity to correct their own errors and creates an administrative record for grievances that eventually become the subject of federal court complaints. Requiring inmates to comply with applicable procedural regulations furthers these statutory purposes.

*Id.* at 657. The Ninth Circuit reasoned, however, that "when prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion have been served. Prison officials have had the opportunity to address the grievance and correct their own errors and an administrative record has been developed." *Id.* Stated differently, the Ninth Circuit found:

> When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. Dismissing the inmate's claim for failure to exhaust under these circumstances does not advance the statutory goal of avoiding unnecessary interference in prison administration. Rather, it prevents the courts from considering a claim that has already been fully vetted within the prison system.

*Id.* at 658.

Second, to the extent that Defendants argue that Plaintiff failed to comply with procedural requirements because he did not describe Defendants' involvement based on their processing of PBSP-11-02886, such an argument also fails. Plaintiff clearly alleged in PBSP-11-02886 that his legal mail was mishandled in 2011. *See* Voong Decl., Ex. C. However, it matters not that PBSP-11-02886 *only* complained of mishandling of legal mail because Defendants handled the *related* grievance. The defendants in *Reyes*—doctors who were members of the Pain Management

Committee that determined the plaintiff did not require narcotic pain medication—made a similar argument. *See* 810 F.3d at 658. They argued that the appeal *only* related to the treating physician's determination that narcotic pain medication was unnecessary. *Id.* The Ninth Circuit rejected this argument, finding that

> [u]nder the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (quoting *Griffin*, 557 F.3d at 1120). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1120. The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones*[ *v. Bock*], 549 U.S. [199,] 219, 127 S. Ct. 910 [(2007)] (citations omitted).

*Id.* at 659 (brackets added). In the instant case, PBSP-11-02886 clearly put PBSP officials on notice as to the nature of his grievance: that his legal mail was mishandled in 2011. *See* Voong Decl., Ex. C. This was sufficient to put PBSP officials on notice of the alleged deprivation and give them an opportunity to resolve the issue.

Additionally, this Court notes that in *Reyes* it was the appeal reviewers, and not the plaintiff, who identified the Pain Management Committee's involvement in the denial of the plaintiff's pain medication. *See* 810 F.3d at 659. Here, Defendants' involvement in the alleged constitutional violation was equally plain to prison officials: they reviewed and decided the merits of Plaintiff's related appeal— PBSP-11-02886. *Reyes* therefore is directly on point and contrary to Defendants' argument. Plaintiff's failure to comply with administrative regulations—requiring him to name all staff members involved and describe their involvement—is not a bar to his claim relating to the mishandling of his legal mail.

Accordingly, the Court finds that Plaintiff exhausted his administrative as to his claim against Defendants Lewis, Cook, Smith, Wood, Cate, and Lozano relating to the mishandling of legal mail, and DENIES the motion for summary judgment as to this First Amendment claim.

**B. Claim Relating to Retaliation for Filing Grievances**

The Office of Appeals of the CDCR receives and maintains all inmate administrative appeals accepted for the third and final level of review with the exception of inmate health care

appeals. Voong Decl. ¶ 3. Upon review of its database, the Office of Appeals shows that Plaintiff exhausted four non-healthcare-related administrative grievances at the third level of review between September 30, 2011 (the date of the initial mishandling of legal mail) and June 4, 2013 (the date this action was filed in state court), including log nos.: (1) PBSP-11-02109; (2) PBSP-11-02886; (3) PBSP-12-01290; and (4) PBSP-12-03295. *Id.* ¶ 5, Ex. A. But none of these four appeals concerned allegations relating to Plaintiff's claim that the named Defendants' allegedly retaliated against him for filing grievances. Voong Decl. ¶ 10, Ex. A-E. Defendants point to the last two of the four appeals and argue as follows:

> Specifically, following Franklin's appeal PBSP-11-02886, Franklin initiated only two additional appeals that reached the final level of review prior to Franklin filing the present lawsuit—appeal PBSP-12-01290 and appeal PBSP-12-03295. (*See* Voong Decl. Exs. A-E.) Neither of these appeals, however, identify Defendants Cate, Lewis, Lozano, Wood, Cook, or Smith by name or position. (*See id.*) Likewise, neither of these appeals complain that Franklin's legal mail was mishandled or that he experienced any retaliatory misconduct. (*Id.*; UMF No. 14-15.)

Dkt. 27 at 12. As mentioned above, the Court has rejected Defendants' argument that Plaintiff had failed to exhaust his claim relating to the mishandling of his legal mail. Therefore, the Court only focuses on Defendants' argument that Plaintiff failed to exhaust his claim relating to Defendants retaliating against him for filing grievances.

The Court has reviewed the aforementioned appeals—log nos. PBSP-12-01290 and PBSP-12-03295, and agrees with Defendants' assessment that Plaintiff failed to mention anything about the named Defendants' allegedly retaliatory conduct. *See* Voong Decl., Exs. D, E. According to the Director's level response in PBSP-12-01290, Plaintiff's position was that prison officials "inappropriately retained him on SHU Indeterminate status." *See* Voong Decl., Ex. D at AGO_00036-AGO_00037. Meanwhile, the Director's level response in PBSP-12-03295, Plaintiff's position was that he disagreed with the prison gang validation process, which apparently had adversely affected him. *See* Voong Decl., Ex. E at AGO_00050-AGO_00051. Furthermore, the Court has also reviewed the first appeal—PBSP-11-02109. *See* Voong Decl., Ex. B. According to the Director's level response in PBSP-11-02109, Plaintiff's position was that he disagreed with the denial of his transfer to another SHU institution. *See id.* at AGO_00003-

AGO_00004. Again, nowhere does the Director's level reviewer in any of the aforementioned appeals handle Plaintiff's retaliation claim against the named Defendants.

The Court further notes that even if Plaintiff had raised his retaliation claim as an additional *issue* in the last of the four aforementioned appeals—PBSP-11-02886, such a retaliation claim would have been likely screened out as a separate issue from his claim relating to the mishandling of his legal mail. According to state regulations, each inmate appeal is limited to one issue or related set of issues. Cal. Code Regs. tit. 15, § 3084.2(a)(1). "The inmate . . . shall not combine unrelated issues on a single appeal form for the purpose of circumventing appeal filing requirements. Filings of appeals combining unrelated issues shall be rejected and returned to the appellant by the appeals coordinator with an explanation that the issues are deemed unrelated and may only be submitted separately." *Id.* Nevertheless, the Court notes that the prison did not even acknowledge that such an issue was brought up in PBSP-11-02886; therefore, there were no issues to screen out. *See* Voong Decl., Ex. C.

In sum, Defendants met their initial burden as the moving party by setting forth evidence to demonstrate Plaintiff's non-exhaustion, specifically by conducting a search of the CDCR's records and finding no grievances submitted to the Director's level by Plaintiff concerning his retaliation claim. *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Defendants cite the declaration of Chief Voong of the Office of Appeals, who states that none of the four aforementioned exhausted appeals that Plaintiff submitted at the third level of review (from September 30, 2011 to June 4, 2013) claim that Defendants Lewis, Cate, Lozano, Wood, Cook, or Smith retaliated against Plaintiff for filing grievances. *See* Voong Decl. ¶ 10. Under *Albino*, Defendants have therefore proven that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *See Paramo*, 775 F.3d at 1191.

Upon the burden shifting to Plaintiff, in regards to his retaliation claim, he has failed to show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Id.* Plaintiff does not discuss or even mention exhaustion of his retaliation claim in his opposition to the motion for

United States District Court
Northern District of California

summary judgment. *See* Dkts. 38-39. On this record, he has offered no evidence that he exhausted his administrative remedies as to his retaliation claim before bringing this civil rights action, and he offers no reason that the exhaustion requirement should be excused. He has not, then, shown evidence that precludes summary judgment as to Plaintiff's retaliation claims. Instead, as mentioned above, Plaintiff merely relies on PBSP-11-02886 as proof of exhaustion, but his reliance is unwarranted because the retaliation issue was not presented in that grievance. Thus, the aforementioned evidence presented by Plaintiff is insufficient to defeat Defendants' motion for summary judgment as to his retaliation claim. Meanwhile, the evidence produced by the Defendants *is sufficient* to carry their ultimate burden of proof in light of Plaintiff's verified factual allegations.

Accordingly, Defendants' motion for summary judgment is GRANTED as to Plaintiff's claim that Defendants retaliated against him for filing grievances. The Court now directs Defendants to address the remaining First Amendment and state law claims pursuant to the scheduling order set forth below.

## V. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Defendants' motion for summary judgment is GRANTED as to Plaintiff's retaliation claim and DENIED as to his First Amendment claim relating to the mishandling of legal mail. Dkt. 27. The Court also retains supplemental jurisdiction over the state law claims.

2. The parties shall abide by the following briefing schedule:

a. No later than **twenty-eight (28) days** from the date of this Order, Defendants shall file a motion for summary judgment as to the remaining First Amendment and state law claims. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the motion for summary judgment shall be filed

United States District Court
Northern District of California

with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which the aforementioned Defendants' motion is filed.

c. If Defendants wish to file a reply brief, they shall do so no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

4. This Order terminates Docket No. 27.

IT IS SO ORDERED.

Dated: September 13, 2016

YVONNE GONZALEZ ROGERS
United States District Judge