UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ANTHONY FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. D. LEWIS, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-03777-YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO REMAINING FEDERAL CLAIM; AND REMANDING STATE LAW CLAIMS TO STATE COURT** |

## I.  INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California State Prison - Sacramento, filed this action as a civil action in the Del Norte County Superior Court, Case No. CVUJ13-1181, alleging constitutional violations that occurred during his previous incarceration at Pelican Bay State Prison ("PBSP"). Defendants removed the action to federal court on the ground that certain of his claims arise under 42 U.S.C. § 1983.

The claims pending in this action include the following: a First Amendment claim stemming from the mishandling of three pieces of his legal mail in 2011; and various related claims under state law. Dkt. 1 at 13-30.[1] Plaintiff named the following as Defendants: California Department of Corrections and Rehabilitation ("CDCR") Former Secretary Matthew Cate; PBSP Warden G. D. Lewis; Former Chief of the Office of Appeals J. Lozano; Former PBSP Chief Deputy Warden Defendant M. Cook; Former PBSP Associate Warden P. Smith; and PBSP Captain Defendant T. Wood. Plaintiff seeks monetary damages.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

Before the Court is Defendants' motion for summary judgment. Dkt. 50. Plaintiff, although granted the opportunity to do so, has not filed an opposition to Defendants' motion.[2]

For the reasons outlined below, the Court GRANTS the motion for summary judgment as to Plaintiff's First Amendment claim, and remands his remaining state law claims to state court.

## II.   PROCEDURAL BACKGROUND

After this action was removed to federal court, the Court issued a scheduling order upon finding that Plaintiff had alleged the following cognizable claims against the named Defendants:

(1)   a violation of the First Amendment based on Plaintiff's allegations that Defendants, on various occasions:

(a)   improperly failed to deliver his "privileged" incoming and outgoing mail "on or about the 30th day of September 2011 and on or about the 5th day of October 2011 up to and including the 26th day of July 2012"; and

(b)   participated in "a series of events that led to their witholding [sic], seizing, [and] storing [his] privileged correspondences of September 30, 2011 and October 5, 2011";

(2)   similar violations of the First Amendment against those Defendants who reviewed Plaintiff's prison grievances and/or 602 inmate appeals and did not remedy the aforementioned First Amendment violations; and

(3)   a retaliation claim against Defendants for retaliating against Plaintiff for filing prison grievances relating to the aforementioned First Amendment violations.

Dkt. 13 at 2 (citing Dkt. 1 at 13-30). As mentioned, Plaintiff also alleged that Defendants' aforementioned actions violated provisions of California state law. The Court noted that "federal supplemental jurisdiction statute provide[d] that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

---

[2] Pursuant to the Court's third briefing schedule, Plaintiff's opposition was due on December 30, 2016, twenty-eight days after Defendants filed their motion for summary judgment. *See* Dkt. 45 at 15. On December 27, 2016, Plaintiff filed a motion for an extension of time to file his opposition to Defendants' motion, up to and including January 30, 2017. Dkt. 62. The Court granted Plaintiff's request and told him that "[n]o further extensions of time will be granted in this case absent extraordinary circumstances." Dkt. 63 at 1. It has been almost two months past the January 30, 2017 deadline. While Plaintiff has had an abundance of time to respond to Defendants' motion, he has failed to do so. In the absence of an opposition, the Court explains below that it has relied upon the allegations in Plaintiff's verified complaint in opposition to Defendants' motion, *see* Dkt. 1, and, as required under the case law, has construed all facts in the light most favorable to Plaintiff, *see Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).

2

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* (citing 28 U.S.C. § 1367(a)). Thus, the Court found that, liberally construed, Plaintiff's allegations satisfied the statutory requirement. *Id.* Accordingly, the Court decided to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* The Court also dismissed all claims against the Doe Defendants. *Id.* at 2-3.

Pursuant to the briefing schedule, Defendants first moved to dismiss the complaint on the following grounds, namely that: (1) they were immune from suit in federal court under the Eleventh Amendment as to Plaintiff's official-capacity damages claims; (2) Plaintiff's claims for mental or emotional injuries were barred under 42 U.S.C. § 1997e(e) because he did not allege that he suffered a physical injury; and (3) Plaintiff's state law claims should be dismissed or, in the alternative, should be limited because Plaintiff failed to comply with the claim presentation requirements under the California Government Tort Claims Act ("CTCA"). Dkt. 14. The Court granted in part and denied in part Defendants' motion to dismiss. Dkt. 20. First, the Court denied Defendants' motion as to the first ground because they waived their Eleventh Amendment immunity as to the entire case when they removed this case to federal court. *Id.* at 2-3. Second, because Plaintiff's complaint raised First Amendment claims, the Court determined that he need not allege a physical injury as a precondition to recovering damages. *Id.* at 3-4. On this basis, the Court denied Defendants' motion as to the second ground that Plaintiff's damages claims based on mental or emotional injuries must be dismissed under section 1997e(e). *Id.* Third, the Court granted Defendants' request to limit Plaintiff's state law claims to those that were properly presented to the California Victim Compensation and Government Claims Board in claim number G607201. *Id.* at 4-7. In essence, aside from the state law claims stemming from the alleged July 26, 2012 constitutional violations, the Court granted Defendants' motion to dismiss as to their argument that Plaintiff failed to comply with the CTCA as to the *remaining* state law claims. *Id.* at 7 (emphasis in original). The dismissal was without prejudice to Plaintiff filing a motion to reconsider the dismissal of those remaining state law claims if he could in good faith properly

1  allege compliance with the CTCA.³ *Id.* The Court then directed Defendants to file a motion for
2  summary judgment (if they believed the remaining claims could be resolved by summary
3  judgment), and issued a second briefing schedule. *Id.* at 7-8.
4        Pursuant to the second briefing schedule, Defendants filed their first motion for summary
5  judgment based on the ground that Plaintiff failed to exhaust administrative remedies under the
6  Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), as to his federal claims. Dkt. 27. On
7  September 13, 2016, the Court granted in part and denied in part the motion for summary
8  judgment as to the federal claims and continued to retain supplemental jurisdiction over Plaintiff's
9  state law claims. Dkt. 45. Specifically, the Court granted Defendants' motion as to Plaintiff's
10  retaliation claim and denied it as to his First Amendment claim relating to the mishandling of legal
11  mail. *Id.* at 8-14. The Court then directed Defendants to address the remaining First Amendment
12  and state law claims pursuant to a third briefing schedule. *Id.* at 14-15.
13        Pursuant to the third briefing schedule, Defendants' have now filed another dispositive
14  motion—the instant motion for summary judgment based on the following grounds that: (1)
15  Plaintiff cannot establish his First Amendment claim because he cannot show the requisite
16  personal involvement by Defendants or that Defendants are liable for the misconduct alleged;
17  (2) Plaintiff cannot provide evidence sufficient to support his state-law claim for concealment and
18  intentional misrepresentation; and (3) Defendants are entitled to qualified immunity. Dkt. 50 at 5.
19        Having read and considered the papers submitted herewith, the Court GRANTS
20  Defendants' motion for summary judgment as to the federal claim, and remands the remaining
21  state law claims to state court.

22  **III.   LEGAL STANDARD**
23        Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment
24  on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). The
25  district court shall grant summary judgment when "there is no genuine dispute as to any material
26  fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby,*

---

³ To date, Plaintiff has not filed a motion to reconsider the dismissal of those remaining state law claims.

4

1    *Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of establishing the absence

2    of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R.

3    Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). If the

4    moving party meets this initial burden, the burden then shifts to the non-moving party to present

5    specific facts showing that a genuine issue for trial exists. *See Celotex*, 477 U.S. at 324;

6    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

7        A district court may only consider admissible evidence in ruling on a motion for summary

8    judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

9    In support of the motion for summary judgment, Defendants have presented declarations from the

10   following: Defendants Cook, Lozano, Smith, and Wood; PBSP Mailroom Supervisor R. Kuzmicz;

11   and Deputy Attorney General Alicia A. Bower (Defendants' attorney). Dkts. 51-55, 60.

12       While Plaintiff has not filed an opposition to the motion for summary judgment, he has

13   filed a verified complaint. Dkt. 1 at 32. The Court will construe this filing as an affidavit under

14   Federal Rule of Civil Procedure 56, insofar as they are based on personal knowledge and set forth

15   specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11

16   (9th Cir. 1995).

17   **IV.    FIRST AMENDMENT CLAIM**

18       **A.    Factual Background**

19       The only remaining claim is Plaintiff's First Amendment claim in which he alleged that

20   three pieces of his legal mail were mishandled in 2011 while he was housed at PBSP. Dkt. 1 at

21   14. Specifically, Plaintiff claims that on September 30, 2011 and October 5, 2011, he did not

22   receive incoming legal mail from two different attorneys, Attorneys V. Wefald and M. McMahon,

23   and he was unable to send outgoing legal mail to Los Angeles County Clerk J. Clark. *Id.* at 14-

24   15. Plaintiff claims that Defendants Lewis, Cook, Smith, and Wood were "direct[ly] involved or

25   had something to do with the matter of Plaintiff's inmate prison 602 appeal log no. PBSP-11-

26   02886." *Id.* at 17. Plaintiff claims that Defendant Lozano and Cate were also "direct[ly] involved

27   or had something to do with the matter of Plaintiff's inmate prison 602 appeal—third level review,

28   TLR case no. 1113574." *Id.*

Meanwhile, Defendants, who are high-ranking prison officials, claim that they were not personally responsible for or directly involved with processing inmate mail. Dkt. 50 at 6. As Plaintiff conceded in his deposition, the task of processing incoming and outgoing legal mail was delegated to the floor officers assigned to the facility unit. *See* Bower Decl., Ex. A, Pl.'s Dep. 29:2-8; 30:9-25 to 31:1-13; 32:23-25 to 33:1-21; 34:2-15; 35:2-25 to 36:1-3. Instead, it seems that Plaintiff seeks to hold the named Defendants liable based solely on their involvement or perceived involvement in Plaintiff's after-the-fact 602 inmate appeal ("602 appeal"), log no. PBSP-11-02886 ("PBSP-11-02886").

**B.     Plaintiff's After-The-Fact 602 Appeal - Log No. PBSP-11-02886**

On December 16, 2011, Plaintiff submitted PBSP-11-02886, alleging that the aforementioned three pieces of legal mail was mishandled by "PBSP officials" and that such action was only brought to his attention on November 22, 2011. Dkt. 29, Voong Decl., Ex. C at AGO_00020-AGO_00023. Plaintiff requested that the three pieces of legal mail be issued to him, that he receive monetary compensation, that PBSP officials stop mistreating/mishandling incoming and outgoing legal mail, and that PBSP staff adhere to departmental rules and regulations concerning the processing of legal mail. *See id.* at AGO_00020, AGO_00022. PBSP-11-02886 was pursued through the first, second and third level of appeals. *See id.* at AGO_00028-AGO_00033, AGO_00018-AGO_00019.

Defendants Smith and Wood, who held positions as PBSP Associate Warden and PBSP Facility Captain, respectively, processed PBSP-11-02886 at the first level of review. Voong Decl., Ex. C at AGO_00028-AGO_00030. After an investigation on Plaintiff's complaints, the location of the three pieces of mail could not be definitively determined, and no evidence was found showing that this mail was being intentionally withheld or was missing due to any intentional interference by CDCR staff. Smith Decl. ¶ 7; Wood Decl. ¶ 6. Therefore, Defendants Smith and Wood denied PBSP-11-02886 at the first level of review. *Id.*

At the second level of review, Defendant Lewis, who was the former PBSP Warden, is listed as the person who reviewed PBSP-11-02886 at the second level of review. Voong Decl., Ex. C at AGO_00033. Defendant Cook, who is the PBSP Chief Deputy Warden, signed the

6

decision. *Id.*; *see also id.* at AGO_00025. When Defendants filed their first motion for summary judgment, they initially conceded that Defendant Lewis processed PBSP-11-02886 at the second level of review. *See* Dkt. 50 at 4 footnote 1; *see also* Voong Decl., Ex. C at AGO_00031-AGO_00033. Relying only on Defendant Cook's declaration,[4] Defendants now claim that Defendant Cook was the only one involved in the review and processing of that decision because Defendant Lewis did not sign that second level decision. *See id.*; *see also* Cook Decl. ¶¶ 5-7. However, the record shows that Defendant Lewis's name is listed as the official responsible for reviewing and processing PBSP-11-02886 at the second level of review. *See* Voong Decl., Ex. C at AGO_00031-AGO_00033. In fact, the second level decision specifically states that "[t]his matter was reviewed by G. D. Lewis . . . ." *Id.* at AGO_00031. Moreover, Defendant Lewis did not submit a declaration in support of the motion for summary judgment. Thus, taking the evidence in the light most favorable to Plaintiff, the Court assumes that Defendant Lewis reviewed PBSP-11-02886 at the second level of review along with Defendant Cook. *See* Williams, 775 F.3d at 1191. Therefore, the record shows that these Defendants "partially granted" PBSP-11-02886. *See* Voong Decl., Ex. C at AGO_00025, AGO_00031-AGO_00033; Cook Decl. ¶ 7. They granted PBSP-11-02886 as to the request that PBSP officials comply with applicable rules regarding confidential legal mail was granted, but denied it as to the remaining requests: (1) the three pieces of mail could not be located and returned to Plaintiff; and (2) monetary compensation was "outside the scope of the appeals process." Cook Decl. ¶ 7.

Finally, at the third level of review ("TLR"), Defendant Lozano, who was the former Chief of the Office of Appeals, is listed as one of those who reviewed and processed PBSP-11-02886 at the third level of review, along with Appeals Examiner K. J. Allen (who is not named as a Defendant in the instant action). *Id.* at AGO_00018-AGO_00019. However, Defendant Lozano points out that the denial decision "does not bear [his] signature." Lozano Decl. ¶ 6. Instead, Defendant Lozano delegated the appeal review to another experience Appeal Examiner named PBSP Captain Kostecky, who signed that decision. *Id.* Plaintiff has not filed any evidence

---

[4] The Court notes that Defendant Lewis did not file his own declaration in support of the motion for summary judgment.

7

showing otherwise. The record shows that on July 26, 2012, Captain Kistecky, who is not named as a Defendant in this action, denied PBSP-11-02886 at the third level review in a decision given TLR case no. 1113574, which indicated as follows:

> Following through analysis of the submitted documentation, the appeals examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at PBSP. An appeal inquiry was conducted by appropriate supervising staff and the appeal was reviewed by the institution's warden. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.
>
> The appellant has failed to provide any evidence that staff did not process his incoming legal mail. The appeal has also failed to prove any evidence that his access to the courts has been obstructed, or that he has suffered any material adverse affect [sic]. The appellant has clearly been successful in sending and receiving legal correspondence at PBSP. Staff at PBSP are not withholding the appellant's legal mail for any reason.
>
> Although the appellant has the right to submit an appeal, his request for monetary compensation is beyond the scope of the departmental appeals process. The appellant has failed to provide any new or compelling information that would warrant a modification to the decision reached by the institution. Relief at the Third Level of Review is not warranted.

*Id.* at AGO_00018 (brackets added).

### C. Applicable Law

#### 1. First Amendment Right to Send and Receive Mail

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prison officials have a responsibility to forward mail to inmates promptly. *Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). "Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983." *Watkins v. Curry*, No. C 10-2539 SI (PR), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (prisoner not entitled to monetary relief under section 1983 where prison officials

8

erroneously withheld a single piece of mail on the grounds that it was inflammatory)); *see also Smith*, 899 F.2d at 944 (defendants opened a single piece of legal mail by accident; "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the plaintiff]'s right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (one incident of mail mishandling insufficient to show constitutional violation); *cf. Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (9th Cir. 1996) (plaintiff stated a claim where he alleged not merely negligent, but deliberate, obstruction of his mail that resulted in mail delivery being delayed for an inordinate amount of time).

### 2. Liability

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* To defeat summary judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Id.* at 634.

Under section 1983, a supervisor "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of

others.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). A supervisor therefore generally is liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation marks and citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks and citation omitted).

### D. Analysis

#### 1. Defendants Lewis, Cook, Smith, and Wood

As explained above, in PBSP-11-02886, Plaintiff complained about the three pieces of legal mail that were mishandled in 2011. The record shows that Defendants Lewis, Cook, Smith, and Wood were involved in handling the PBSP-11-02886 and finding that no relief was warranted upon determining that Plaintiff failed to provide any evidence that PBSP staff did not process his incoming legal mail, that his access to the courts had been obstructed, or that he had suffered any material harm.

First, to the extent that Plaintiff seeks relief against these Defendants for failing to *grant fully* (as opposed to their decisions to deny or partially grant) PBSP-11-02886 at the two lower levels of review, such a claim must fail. Prisoners have no absolute constitutional right to have their grievances heard in a prison administrative appeal system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Although state statutes or regulations may give rise to constitutionally-protected liberty interests that cannot be taken away without due process of law, California prison regulations do not create such a liberty interest in an inmate grievance procedure. The regulations grant prisoners a purely procedural right and set forth no substantive standards, *see* Cal. Code Regs. tit. 15, § 3084 et seq. (applicable to state

1   prisons), and such provisions cannot form the basis of a constitutionally cognizable liberty

2   interest.  *See also Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *Mann v. Adams*, 855 F.2d

3   639, 640 (9th Cir. 1988).

4         Second, Plaintiff has failed to carry his burden of raising a genuine issue of fact to support his claim that these Defendants' actions in handling PBSP-11-02886 rose to the level of a First Amendment violation.  The undisputed evidence shows that these Defendants did not subject Plaintiff to a First Amendment violation by any alleged improper handling his 602 appeals.  Defendants Smith and Wood denied PBSP-11-02886 after noting that an investigation revealed that the three pieces of mail could not be located, and that no evidence showed that this mail was being intentionally withheld or was missing due to intentional interference by CDCR staff.  Smith Decl. ¶ 7; Wood Decl. ¶ 6.  Meanwhile, the record also shows that Defendants Lewis and Cook partially granted PBSP-11-02886.  *See* Voong Decl., Ex. C at AGO_00025, AGO_00031-AGO_00033; Cook Decl. ¶ 7.  They granted PBSP-11-02886 as to the request that PBSP officials comply with applicable rules regarding confidential legal mail was granted, but denied it as to the remaining requests: (1) the three pieces of mail could not be located and returned to Plaintiff; and (2) monetary compensation was "outside the scope of the appeals process."  Cook Decl. ¶ 7.  Therefore, Plaintiff has not set forth sufficient evidence for a reasonable jury to find that Defendants Smith's and Wood's denial of PBSP-11-02886 at the first level of review and Defendants Lewis's and Cook's partial grant of PBSP-11-02886 at the second level of review amounted to a First Amendment violation.   Furthermore, the record shows that relief was not warranted at the third and final level of review because Petitioner "failed to provide any new or compelling information that would warrant a modification to the decision reached by the institution [at the lower levels of review]."  Voong Decl., Ex. C at AGO_00019.

      Finally, on the undisputed evidence, a First Amendment violation is not shown based on Plaintiff's allegations in his complaint.  Even if Plaintiff could have provided evidence of these Defendants' direct involvement in the alleged violation, Plaintiff's allegations relate to three *isolated* incidents of mail mishandling.  No evidence in the record shows that these three isolated incidents of mail mishandling were purposeful or had any impact on any legal proceeding.

11

1    Furthermore, the record shows that prison staff conducted a search of the PBSP mailroom for the
2    three pieces of mail and confirmed that they were not being held in the mailroom. Kuzmicz Decl.
3    ¶¶ 3-4, Exs. A&B. On this record, no reasonable jury could conclude that Plaintiff's First
4    Amendment rights had been violated by these three isolated incidents of mail mishandling. *See*
5    *Crofton*, 170 F.3d at 961; *accord Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (isolated
6    incidents of mail interference without evidence of improper motive do not give rise to a
7    constitutional violation); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (content-neutral, short-
8    term, and sporadic delays in prisoner's receipt of mail did not violate his First Amendment rights).

Accordingly, because no genuine issue of material fact exists as to whether the actions of Defendants Lewis, Cook, Smith, and Wood violated the First Amendment, they are entitled to judgment as a matter of law.[5] *See Celotex*, 477 U.S. at 323. Therefore, the motion for summary judgment is GRANTED as to Plaintiff's First Amendment claim against these Defendants.

### 2. Defendants Cate and Lozano

No evidence is present in the record that connects these Defendants' actions to any First Amendment violation. *See Starr*, 652 F.3d at 1207. It seems that Plaintiff named Defendant Cate solely based on his position in the chain-of-command as the former Secretary of CDCR and not because he was involved in the handling of PBSP-11-02886. Meanwhile, while Plaintiff attempts to hold Defendant Lozano responsible for PBSP-11-02886's decision at the third level of review, Defendant Lozano has filed a declaration stating that decision does not bear his signature, and instead it bears PBSP Captain Kostecky's signature. Lozano Decl. ¶ 6. Plaintiff has not filed any evidence showing otherwise. Thus, it seems that Plaintiff could only attempt to hold Defendant Lozano liable based on his position as the former Chief of the Office of Appeals.

The record indicates that Defendants Lozano and Kelso were not personally involved in either the mishandling of mail or the handling of PBSP-11-02886. In their aforementioned high-

---

[5] Defendants Lewis, Cook, Smith, and Wood are also entitled to qualified immunity as to Plaintiff's First Amendment claim because a reasonable prison official could have believed that their aforementioned conduct in handling PBSP-11-02886 was lawful. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

level official capacities, Defendants Cate and Lozano could not have personally been responsible for processing inmate mail at Pelican Bay during the time at issue because the floor officers handle this duty. *See* Cook Decl. ¶ 8. Thus, Plaintiff has failed to establish that Defendants Cate and Lozano personally handled his mail at PBSP during the relevant time frame, much less establish that these Defendants interfered with his legal mail in any way. Furthermore, that Plaintiff alleges—without any supporting evidence—that Defendants Kelso and Lozano were "direct[ly] involved" "or had something to do with" any alleged improper processing of PBSP-11-02886 at the third level of review, *see* Dkt. 1 at 17, does not demonstrate that these Defendants participated in any alleged constitutional violations. Such conclusory allegations do not create a triable issue of fact. *See Marks v. United States*, 578 F.2d 261, 263 (9th Cir.1978) ("Conclusory allegations unsupported by factual data will not create a triable issue of fact.") (citation omitted).

Moreover, no evidence exists showing that Defendants Kelso and Lozano were aware as supervisors of any alleged mishandling of mail that they could have prevented. Even if a supervisor is aware of a violation actionable under section 1983, merely pleading knowledge is insufficient to state a claim for the supervisor's personal liability for that violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (rejecting argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution"). Notwithstanding an official's title, a defendant "is only liable for his or her own misconduct." *Id.* Thus, Plaintiff fails to demonstrate a sufficient causal connection between Defendants Cate and Lozano's oversight as the former CDCR Secretary and former Chief of the Office of Appeals, respectively, and any alleged violation of the First Amendment. To the extent these Defendants are sued in their capacity as supervisory officials under the theory of respondeat superior, Plaintiff fails to raise a material issue of fact against them. Plaintiff has not provided evidence that these Defendants participated in, directed, or knew of any of their employee's alleged wrongful conduct and failed to stop it. Therefore, Defendants Cate and Lozano are entitled to summary judgment on the ground that Plaintiff has not provided evidence from which a reasonable jury could find that they proximately caused the purported deprivation of his First Amendment rights.

Finally, even if Plaintiff could have provided evidence of these Defendants' direct

involvement in or knowledge of the alleged violation, the evidence in the record fails to show that three *isolated* incidents of mail mishandling were purposeful or had any impact on any legal proceeding. Again, as mentioned above, on this record, no reasonable jury could conclude that Plaintiff's First Amendment rights had been violated by these three incidents of mail mishandling. *See Crofton*, 170 F.3d at 961.

Accordingly, because no genuine issue of material fact exists as to whether the actions of Defendants Cate and Lozano violated the First Amendment, they are entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 323.[6] Therefore, Defendants' motion for summary judgment is GRANTED as to Plaintiff's First Amendment claim against these Defendants.

## V. STATE LAW CLAIMS

The remaining claims are based on state law. The Court declines to exercise supplemental jurisdiction over any remaining state law claims now that the federal question claims are no longer before it. *See* 28 U.S.C. § 1367(c)(3). Therefore, this case will be remanded to state court. *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand *sua sponte* or on motion of a party).

## VI. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Defendants' motion for summary judgment is GRANTED as to Plaintiff's First Amendment claim, the only remaining federal claim. Dkt. 50.

2. The action, which now includes only the remaining state law claims, is REMANDED to the Del Norte County Superior Court for further proceedings.

3. The Clerk of the Court shall terminate all pending motions, close the file, and send the necessary materials to the Del Norte County Superior Court for the remand.

---

[6] In light of the Court's decision on Plaintiff's First Amendment claim against Defendants Cate and Lozano, it is unnecessary to address these Defendants' alternative argument that they are entitled to qualified immunity.

14

3. This Order terminates Docket No. 50.

IT IS SO ORDERED.

Dated: March 27, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge