| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

JEFFREY ANTHONY FRANKLIN,

         Plaintiff,

    v.

G. D. LEWIS, et al.,

         Defendants.

Case No. 13-cv-03777-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This is a closed civil rights matter. Summary judgment was granted in favor of Defendants as to all remaining federal claims,[1] and judgment was entered on March 27, 2017. Dkt. 64.

On December 27, 2017, the Ninth Circuit Court of Appeals dismissed his appeal for failure to prosecute. Dkt. 77.

Thereafter, Plaintiff filed a motion for relief from this Court's March 27, 2017 judgment. Dkt. 78. The motion has a signature date of March 23, 2018 and was stamped "filed" at the Court on April 27, 2018. *Compare* Dkt. 78-1 at 8 *with* Dkt. 78 at 1. Defendants point out that, according to the envelope, Plaintiff's motion was postmarked as being received at the prison mailroom on April 25, 2018. *See* Dkt. 78-2 at 1. Furthermore, Plaintiff includes a proof of service in which he indicates that he deposited the motion in the "United State[s] mail in Represa, California" on March 27, 2018, and addressed it to Defendants' attorney Deputy Attorney General Alicia Anne Bower at the California Department of Justice in Oakland, California. Dkt. 78-1 at 27. The proof of service does not certify that Plaintiff mailed a copy of the motion to the Court on that date. *See id.* Furthermore, the proof of service does not specifically indicate that the motion was delivered to prison authorities for mailing through the prison's internal mailing system on that date. *See id.* The Court notes that as a *pro se* prisoner, Plaintiff receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison

---

[1] The Court also remanded all remaining state law claims to the Del Norte County Superior Court. *See* Dkt. 64.

officials to mail to the Court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the motion to prison officials for mailing on the date it was postmarked, i.e., April 25, 2018, and deem the motion filed as of that date.

On June 19, 2018, the Ninth Circuit granted Plaintiff's motion for reconsideration, vacated its December 27, 2017 Order, and reinstated the appeal. Dkt. 83.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for relief from judgment may be based on Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)*; School Dist. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such a motion must be made within a "reasonable time," and as to grounds for relief (1)-(3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(c). Here, it seems that Plaintiff seeks relief under Rules 60(b)(1) and 60(b)(6). *See* Dkts. 78, 78-1.

As noted above, Plaintiff's motion for relief from judgment was deemed filed on April 25, 2018, which is more than a year after entry of judgment on March 27, 2017. Therefore, to the extent that his motion seeks relief under Rule 60(b)(1), the motion is DENIED as untimely. *See Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("[T]he one-year limitation period is not tolled during an appeal.")

Plaintiff seems to also rely upon Rule 60(b)(6) as a basis for reconsideration, which is the rule permits a court to set aside a judgment for "any other reason that justifies relief." "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations omitted).

2

The Court finds that Plaintiff has not demonstrated that such extraordinary circumstances exist in this case. The only justifying reason that Plaintiff offers is that he attempted to file an opposition brief on March 1, 2017, but that his brief was not received and considered by the Court when it issued its March 27, 2017 ruling on Defendants' motion for summary judgment. Dkt. 78-1 at 3. The Court finds that this reason, however, does not present the type of extraordinary circumstances justifying relief under Rule 60(b)(6).

First, even if Plaintiff submitted his opposition on March 1, 2017, it would have been untimely, and the Court was therefore entitled to issue its ruling with the evidence presented. Plaintiff concedes in the instant motion that his opposition was due on January 20, 2017. Dkt. 78-1 at 1-2. And the record shows that the Court had made clear that no further extensions of time would be granted absent extraordinary circumstances. Dkt. 63 at 1.

Second, Plaintiff fails to identify how his opposition, if considered by the Court, would change the result in this case. More importantly, Plaintiff still has not provided a copy of his opposition to the Court, and he fails to identify any arguments or evidence that would warrant reversal of the Court's finding of summary judgment in favor of Defendants. *See generally* Dkt. 78-1. Even if the Court were to consider a late-filed opposition by Plaintiff, he has failed to identify what argument or evidence would be presented in that opposition that would make a substantive difference to the result in this case. Without any further explanation, as it is currently before the Court, Plaintiff's argument for vacating the March 27, 2017 Order could only be construed as his mere dissatisfaction with that Order, which is not an adequate ground for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Accordingly, Plaintiff is not entitled to relief from judgment under any of the aforementioned subsections of Rule 60(b), and the Court DENIES his motion for relief from its March 27, 2017 judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the Court's March 27, 2017

3

judgment is DENIED. Dkt. 78.

**No further filings will be accepted in this case file as this particular action is closed.**

This Order terminates Docket No. 78.

IT IS SO ORDERED.

Dated: October 19, 2018

_____

YVONNE GONZALEZ ROGERS
United States District Judge

4