United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ANTHONY FRANKLIN,<br>　　　　Plaintiff,<br>　　v.<br>G. D. LEWIS, et al.,<br>　　　　Defendants. | Case No. 13-cv-03777-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO APPEAL THE COURT'S OCTOBER 19, 2018 DENIAL OF HIS POST-JUDGMENT MOTION** |

　　　　This federal civil rights action, now closed, was filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Summary judgment was granted in favor of Defendants as to all remaining federal claims,[1] and judgment was entered on March 27, 2017. Dkt. 64. On May 30, 2017, Plaintiff filed a notice of appeal as to the Court's March 27, 2017 judgment. Dkt. 67.

　　　　On December 27, 2017, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for failure to prosecute. Dkt. 77. Thereafter, Plaintiff filed in the Ninth Circuit a motion for reconsideration as to that Court's dismissal of his appeal.

　　　　Plaintiff also filed a motion for relief from this Court's March 27, 2017 judgment under Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, and that motion was deemed as filed on April 25, 2018. Dkt. 78.

　　　　On June 19, 2018, the Ninth Circuit granted Plaintiff's motion for reconsideration, vacated its December 27, 2017 Order, and reinstated the appeal. Dkt. 83.

　　　　In its Order dated October 19, 2018, the Court considered Plaintiff's motion for relief from judgment and determined that to the extent that his motion sought relief under Rule 60(b)(1), the motion was denied as untimely because the date it was deemed filed—April 25, 2018—was more than a year after entry of judgment on March 27, 2017. Dkt. 88 at 2 (citing *Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("[T]he one-year limitation period is not tolled during an appeal.")). The Court also determined that Plaintiff did not present the type of extraordinary

---

[1] The Court also remanded all remaining state law claims to the Del Norte County Superior Court. *See* Dkt. 64.

circumstances justifying relief under Rule 60(b)(6) because his argument for vacating the March 27, 2017 Order could only be construed as his mere dissatisfaction with that Order, which was not an adequate ground for relief. *Id.* at 2-3 (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)). Therefore, the Court denied Plaintiff's motion for relief from its March 27, 2017 judgment upon concluding that Plaintiff was not entitled to relief under the aforementioned subsections of Rule 60(b). *Id.*

On December 16, 2018,[2] Plaintiff filed the present motion (under Federal Rule of Appellate Procedure 4(a)(5)) to extend the time to appeal the Court's October 19, 2018 post-judgment order (denying his motion for relief from judgment). Dkt. 90. He claims he had just transferred to a new prison when the Court issued its October 19, 2018 post-judgment order, and he requests additional time to access "photo copying services" at his new prison. *Id.* at 3.

On December 26, 2018, Plaintiff filed a notice of appeal as to the Court's October 19, 2018 post-judgment order. Dkt. 91. The Court deems the filing date of the notice of appeal to be on December 16, 2018 because that notice was served on prison officials for mailing on December 16, 2018. *See* Dkt. 91-1 at 2.

In an Order dated January 23, 2019, the Ninth Circuit Court of Appeals noted as follows:

> A review of the record demonstrates that the December 26, 2018 notice of appeal was not filed or delivered to prison officials within 30 days after entry of the October 19, 2018 post-judgment order. However, on December 26, 2018, appellant filed a motion for an extension of time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The district court has not ruled on that motion.
>
> Accordingly, this appeal is remanded to the district court for the limited purpose of allowing that court to rule on appellant's December 26, 2018 motion. The district court is requested to serve a copy of its decision on this court at its earliest convenience. Briefing is stayed pending further order of this court.

Dkt. 94 at 1.

---

[2] Plaintiff's motion was served to prison officials for mailing on December 16, 2018, and it was stamped "filed" by the Clerk of the Court on December 26, 2018. *See* Dkt. 90-1 at 2. As a *pro se* prisoner, Plaintiff receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Because the motion was served on prison officials for mailing on December 16, 2018, the Court will deem the motion filed as of that date.

1  Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(5), which allows for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5).

Here, Plaintiff's motion to extend the time to appeal was deemed filed on December 16, 2018, which is within thirty days of the expiration of the time to file his notice of appeal (November 19, 2018), and the request shows good cause. Accordingly, the Court GRANTS Plaintiff an extension of time to appeal the October 19, 2018 post-judgment order *nunc pro tunc* to December 16, 2018, the date his notice of appeal were deemed filed.

The Clerk shall forward a copy of this Order to the Ninth Circuit.

This Order terminates Docket No. 90.

IT IS SO ORDERED.

Dated: May 7, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge