UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ANTHONY FRANKLIN,<br>　　　　Plaintiff,<br>　v.<br>G. D. LEWIS, et al.,<br>　　　　Defendants. | Case No. 13-cv-03777-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL** |

　　　　This is a closed action. Plaintiff, a state prisoner, originally filed this case as a civil action in the Del Norte County Superior Court, Case No. CVUJ13-1181, alleging constitutional violations that occurred during his previous incarceration at Pelican Bay State Prison. Defendants removed the action to federal court on the ground that certain of his claims arose under 42 U.S.C. § 1983. Summary judgment was granted in favor of Defendants on March 27, 2017. *See* Dkt. 64. Plaintiff filed a notice of appeal (dkt. 67), and a motion for leave to proceed *in forma pauperis* ("IFP") on appeal (dkts. 71, 72). Thereafter, the Court denied Plaintiff's first motion for leave to proceed IFP on appeal. Dkt. 75.

　　　　On December 27, 2017, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for failure to prosecute. Dkt. 77. Thereafter, Plaintiff filed in the Ninth Circuit a motion for reconsideration as to that Court's dismissal of his appeal.

　　　　Plaintiff also filed a motion for relief from this Court's March 27, 2017 judgment under Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, and that motion was deemed as filed on April 25, 2018. Dkt. 78.

　　　　On June 19, 2018, the Ninth Circuit granted Plaintiff's motion for reconsideration, vacated its December 27, 2017 Order, and reinstated the appeal. Dkt. 83.

　　　　In its Order dated October 19, 2018, the Court considered Plaintiff's motion for relief from

judgment and determined that to the extent that his motion sought relief under Rule 60(b)(1), the motion was denied as untimely because the date it was deemed filed—April 25, 2018—was more than a year after entry of judgment on March 27, 2017. Dkt. 88 at 2 (citing *Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("[T]he one-year limitation period is not tolled during an appeal.")). The Court also determined that Plaintiff did not present the type of extraordinary circumstances justifying relief under Rule 60(b)(6) because his argument for vacating the March 27, 2017 Order could only be construed as his mere dissatisfaction with that Order, which was not an adequate ground for relief. *Id.* at 2-3 (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)). Therefore, the Court denied Plaintiff's motion for relief from its March 27, 2017 judgment upon concluding that Plaintiff was not entitled to relief under the aforementioned subsections of Rule 60(b). *Id.*

On December 16, 2018, Plaintiff filed a motion (under Federal Rule of Appellate Procedure 4(a)(5)) to extend the time to appeal the Court's October 19, 2018 post-judgment order (denying his motion for relief from judgment). Dkt. 90.

On December 26, 2018, Plaintiff filed a notice of appeal as to the Court's October 19, 2018 post-judgment order. Dkt. 91. The Court deemed the filing date of the notice of appeal to be on December 16, 2018 because that notice was served on prison officials for mailing on December 16, 2018. *See* Dkt. 91-1 at 2.

On May 7, 2019, the Court granted Plaintiff an extension of time to appeal the October 19, 2018 post-judgment order *nunc pro tunc* to December 16, 2018, the date his notice of appeal were deemed filed. Dkt. 95 at 3.

Before the Court is Plaintiff's second motion for leave to proceed IFP on appeal. Dkt. 92.

Defendants paid the district court filing fee upon removing this action to federal court, so Plaintiff was not proceeding IFP in this Court. Plaintiff therefore does need permission to proceed IFP on appeal: Rule 24(a)(3) of the Federal Rules of Appellate Procedure, which provides that a party proceeding IFP in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, does not apply. 28 U.S.C. 1915(a)(3), which provides that an appeal may not be taken IFP if the trial court certifies that it is not taken in good

faith, does not turn on whether IFP status was granted in district court, so it *does* apply.

Here, because its March 27, 2017 ruling granting summary judgment and its October 19, 2018 post-judgment order are both correct, this Court finds that the appeal is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3) and is therefore frivolous. *See* Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). Accordingly, Plaintiff's second motion to proceed IFP on appeal is DENIED. Dkt. 92.

The Clerk of the Court shall forthwith notify Plaintiff and the Ninth Circuit Court of Appeals of this Order. *See* FRAP 24(a)(4). Plaintiff may file a separate motion for leave to proceed IFP on appeal in the Ninth Circuit within **thirty (30) days** after service of notice of this Order. *See* FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

This Order terminates Docket No. 92.

IT IS SO ORDERED.

Dated: August 21, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge